IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN D. ALLEN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-861-DWD |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter comes before the Court on Plaintiff Kevin D. Allen, Sr.'s motion for leave to proceed *in forma pauperis* (Doc. 4), motion for recruitment of counsel (Doc. 5), and motion for service of process at government expense. (Doc. 6) On July 27, 2021, Allen filed a complaint against Defendant Commissioner of Social Security. (Doc. 2). Construing his *pro se* filing liberally, Allen indicates that his claim for disability was denied by the Social Security Administration, even after he sought review by the Appeals Council.

Two issues must be resolved before *in forma pauperis* status can be granted: the plaintiff must show that he is indigent by submitting an affidavit "that includes a statement of all assets [he] possesses [showing] that [he] is unable to pay such fees or give security therefor," and the plaintiff's complaint must not be clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2). Here, the Court is satisfied that Allen is indigent based on his affidavit, and the record does not suggest that his claims are frivolous or malicious.

As for Allen's motion for recruitment of counsel, there is no statutory or

constitutional right to appointment of counsel in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656–57 (7th Cir. 2007). Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *Pruitt*, 503 F.3d at 654. However, pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649.

When presented with a request to appoint counsel in a civil case, the Court must make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010), citing *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). In considering the second question, the Court must ask "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt*, 503 F.3d at 655.

Here, Allen describes his repeated attempts to obtain counsel. (Doc. 5 at 1) The Court is satisfied that Allen's efforts to obtain counsel were reasonable. However, the Court is not inclined to recruit an attorney for him on the record as it now stands. Allen has some college education. (Doc. 5 at 2) And his stated reason explaining why he cannot represent himself is "I am not completely familiar with all legal terminology and materials." (Doc. 5 at 2) Given his level of education and the lack of any more specific obstacles to self-representation, the Court finds that Allen can coherently present his case.

Accordingly, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* without prepayment of fees and costs (Doc. 4) and Plaintiff's motion for service of process at government expense. (Doc. 6) Plaintiff is warned, however, that should it become apparent at any point in the future that this action is frivolous or malicious, this action may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's Motion for Recruitment of Counsel (Doc. 5) is **DENIED**.

Due to Plaintiff's *pro se* status, the Court **DIRECTS** the Clerk's Office to provide Plaintiff with USM-285 forms. Plaintiff shall provide the United States Marshals Service with a summons issued in this case, completed USM-285 forms, and sufficient copies of the complaint. The Court **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents, to serve a copy of the summons, complaint, and this Order upon Defendant Commissioner of Social Security, the United States Attorney for the Southern District of Illinois, and the Attorney General of the United States, pursuant to Federal Rule of Civil Procedure 4(c)(3) and in the manner specified by Rule 4(i)(1) & (2). Costs of service shall be borne by the United States.

**SO ORDERED.**

Dated: August 24, 2021

_____
DAVID W. DUGAN
United States District Judge